## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Estes*, 7:20cv137 *Hacker*, 7:20cv131 *Keefer*, 7:20cv104 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## ORDER

Plaintiffs have designated deposition testimony from four witnesses—Jeffrey Hamer, Dr. Doug Ohlin, Ronald Kieper, and Walter Pawlowski—taken in connection with the *Moldex* litigation.[1] Defendants assert, among other objections, that the *Moldex* deposition testimony of Hamer, Dr. Ohlin, and Pawlowski is inadmissible hearsay.[2]  This Order addresses those objections.

---

[1] *3M Co. v. Moldex-Metric, Inc.*, No. 12-cv-611-JNE-LFN (D. Minn.) ("*Moldex I*"), and *Moldex-Metric, Inc. v. 3M Co.*, No. 14-cv-01821-JNE-LFN (D. Minn.) ("*Moldex II*").

[2] Defendants concede that Kieper's *Moldex* deposition testimony is not subject to a hearsay challenge. Defendants instead assert, among other objections, that Kieper's testimony should be excluded as cumulative and irrelevant. Defendants' objections are without merit. Kieper was involved in the testing of the CAEv2 and co-wrote the Flange Memo with Elliott Berger. *See* Kieper *Moldex* Depo. Tr. (10/09/2015) at 84. Needless to say, his *Moldex* deposition testimony is neither irrelevant nor cumulative.

## I. Federal Rule of Civil Procedure 32

Federal Rule of Civil Procedure 32 governs the use of depositions "[a]t a hearing or trial." It provides in relevant part that all or part of a deposition may be used against a party on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8). Fed. R. Civ. P. 32(a)(1). Subsections (2) through (8) lay out a number of conditions under which depositions can be used at trial.

Relevant to Plaintiffs' *Moldex* deposition designations are subsections (3), (4), and (8). Subsections (3) and (4) provide a distinction based on whether the deposition testimony is that of a party or non-party. The deposition of an adverse party may be used for any purpose, regardless of availability. Fed. R. Civ. P. 32(a)(3). However, if the deponent is a non-party, he must be unavailable in order for the deposition to be used for any purpose other than for impeachment or another purpose allowed by the Federal Rules of Evidence. Fed. R. Civ. P. 32(a)(4).

Under Rule 32(a)(4), a witness is unavailable if the court finds: (A) the witness is dead; (B) the witness is more than 100 miles from the place of trial or is outside the United States, (C) the witness cannot attend or testify because of age, illness, infirmity, or imprisonment, (D) the party offering the deposition could not procure

the witness's attendance by subpoena; or (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used. Fed. R. Civ. P. 32(a)(4)(A)–(E).

Rule 32(a)(8) provides that a deposition from a prior action "may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(8).

The Court finds that Rule 32's requirements are met with respect to Plaintiffs' *Moldex* deposition designations. First, Rule 32(a)(1) is satisfied because 3M was present at the taking of the *Moldex* depositions. Second, the relevant conditions set out in subsections (3), (4), and (8) are also satisfied: Hamer was a 30(b)(6) designee for certain topics, *see* FRCP 32(a)(3); Hamer, Dr. Ohlin, and Pawlowski are unavailable to testify at trial,[3] *see* FRCP 32(a)(4); and, while the parties dispute Rule 32(a)(8)'s "same subject matter" requirement, Rule 32(a)(8) permits "a deposition previously taken" to "be used as allowed by the Federal Rules of Evidence." *See Pinkney v. Winn-Dixie Stores, Inc.*, No. CV214-075, 2014 WL 7272551, at *2 (S.D.

---

[3] Dr. Ohlin is unavailable because is deceased. The Court accepts Plaintiffs' representations that Hamer and Pawlowski are unavailable because they live more than 100 miles from the federal courthouse in Pensacola.

Ga. Dec. 17, 2014) ("While the parties dispute the 'same subject matter' and 'same parties' language, the latter provision of Rule 32(a)(8) plainly authorizes Plaintiff's use of the . . . deposition."). Accordingly, the *Moldex* depositions may be used to the same extent as if taken in this case.

## II. Defendants' Hearsay Objections

Turning to Defendants' hearsay objections to Plaintiffs' *Moldex* deposition designations, the Court finds that all three witnesses' deposition testimony is admissible on numerous, independent grounds.

### A. Federal Rule of Evidence 804(b)(1)

For one, each witness's *Moldex* deposition testimony is admissible under Rule 804(b)(1). First, Rule 804(a)'s requirement of unavailability is satisfied because, as previously explained, Dr. Ohlin is deceased, and Hamer and Pawlowski reside outside of the Court's subpoena power. *See* Fed. R. Evid. 804(a)(4)–(5). Second, Rule 804(b)(1)(A)'s requirement is met because each witness's testimony was "given as a witness at a . . . lawful deposition." Finally, Rule 804(b)(1)(B)'s requirement is met because the testimony is now offered against Defendants, Defendants were present at the depositions, and Defendants had a "similar motive to develop" the witnesses' testimony "by direct, cross-, or redirect examination."

Defendants argue that they did not have a "similar motive" to develop Dr. Ohlin's testimony because "the sole claims in" *Moldex I* "involved patent disputes"

and that they did not have a "similar motive" to develop Hamer's and Pawlowski's testimony because the "only issues" at the time of their depositions in *Moldex II* "concerned allegations of unfair competition." The Court disagrees. As Plaintiffs point out, the test results and testing methods for the CAEv2, the military's role in the invention of the CAEv2, and the development and procurement process for the CAEv2 were key factual issues in the "patent disputes" at issue in *Moldex I*. Similarly, the CAEv2's development and testing and Defendants' interactions with the military (including New Dynamic's interactions with the military as Defendants' partner)[4] regarding the CAEv2 were key factual issues in the "allegations of unfair competition" at issue in *Moldex II.* Accordingly, Defendants had a similar motive to develop the witnesses' testimony on these issues. *See Fed. Hous. Fin. Agency v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 6202(DLC), 2014 WL 798385, at *1 (S.D.N.Y. Feb. 28, 2014) ("To be 'similar,' the motives to develop the testimony should be 'of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue.' ") (quoting *United States v. DiNapoli*, 8 F.3d 909, 914–15 (2d Cir. 1993) (en banc)).

---

[4] Pawlowski was the vice president of business development at New Dynamics. New Dynamics partnered with 3M to sell the Combat Arms Earplug to the military. *See* Pawlowski *Moldex* Depo. Tr. (10/23/2015) at 97–101.

Accordingly, Plaintiffs have demonstrated that Rule 804(b)(1)'s exception applies to each witnesses' *Moldex* deposition testimony. Defendants' hearsay objections are due to be overruled on this basis.

B. Federal Rule of Evidence 801(d)(2)

The Court also finds that portions of Hamer's and Dr. Ohlin's *Moldex* deposition testimony are admissible under Fed. R. Evid. 801(d)(2). First, because Hamer and Dr. Ohlin were both employed by Defendants at the time of their *Moldex* depositions, their *Moldex* deposition testimony is not hearsay under Rule 801(d)(2)(D) to the extent it pertains to "a matter within the scope" of their employment relationships with Defendants. Hamer began working for Defendants in 2007 and was responsible for managing "the development laboratory as a whole with respect to new product development, new technology initiatives, and personnel associated with that." *See* Hamer *Moldex* Depo. Tr. (10/7/2015) at 17. Dr. Ohlin worked as a contractor/consultant for Defendants from October 2007 until at least the time of his *Moldex* deposition on April 24, 2013.[5] *See* Ohlin *Moldex* Depo. Tr. (4/24/2013) at 98. Dr. Ohlin's job responsibilities included providing "input into product development . . . [m]ainly the Combat Arms Earplug." *See* Ohlin *Moldex* Depo. (4/24/2013) at 97.

---

[5] The Court has already found that Dr. Ohlin was an agent of Defendants for the purposes of Rule 801(d)(2)(D). *See, e.g.*, Order at 22, Keefer v. 3M Co., 7:20cv104 (N.D. Fla. Mar. 25, 2021), ECF No. 124.

Thus, to the extent Hamer's or Dr. Ohlin's *Moldex* deposition testimony pertains to facts they learned "in the course and scope of [their] employment," *see Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1567 n.2 (11th Cir. 1991), the testimony is non-hearsay and is admissible. *See* Fed. R. Evid. 801(d)(2)(D). For example, Hamer's testimony regarding 3M's NRR labeling practices and testing procedures and protocols all fall within the scope of his employment relationship with 3M. *See, e.g.*, Hamer *Moldex* Depo. Tr. (10/7/2015) at 41–42, 48–50, 87–89, 101. Similarly, Dr. Ohlin's testimony regarding the weight customers place on an earplug's NRR, his "concerns" that "Elliot Berger was being pressured to increase NRR on a product," his May 28, 2009 emails to Doug Moses regarding those concerns, and his communications with other 3M employees about the testing of the Combat Arms Earplugs all fall within the scope of his employment relationship with 3M. *See, e.g.*, Ohlin *Moldex* Depo. Tr. (4/24/2013) at 173–76, 182–92, 196–98. Accordingly, Plaintiffs have demonstrated that portions of Hamer's and Dr. Ohlin's *Moldex* deposition testimony is non-hearsay under Rule 801(d)(2)(D).

Additionally, Hamer's *Moldex* deposition testimony on topics within the scope of his 30(b)(6) designations, including the structure and operation the Combat Arms Earplugs versions 3, 4, 4.1, and 5, *see* Hamer *Moldex* Depo. Tr. (10/7/2015)

at 51, is non-hearsay under Rule 801(d)(2)(C) because the statements were "made by a person whom the party authorized to make a statement on the subject[s]."[6]

Accordingly, Defendants' hearsay objections to these portions of Hamer's and Dr. Ohlin's *Moldex* deposition testimony are due to be overruled on this additional basis.

## C. Federal Rule of Evidence 804(b)(3)

The Court also finds that Dr. Ohlin's testimony that he did not "recall" having "seen other earplugs where the fit protocol was changed after receiving one NRR to get another NRR," *see* Ohlin *Moldex* Depo. Tr. (4/24/2013) at 192, is admissible under Rule 804(b)(3) as a "statement against interest." Defendants have consistently asserted that Dr. Ohlin knew about the CAEv2 and its testing history, and his statement under oath as a 3M employee indicating that he was not aware of the CAEv2's testing history is a statement he "would have made only if [he] believed it to be true because, when made, it . . . had so great a tendency . . . to expose [him] to civil or criminal liability." *See* Fed. R. Evid. 804(b)(3)(A); *Whitlock v. Brueggemann*, 682 F.3d 567, 575 (6th Cir. 2012) (noting that an out-of-court

---

[6] Plaintiffs argue that Hamer's testimony is non-hearsay under Rule 801(d)(2)(A) as a statement "made by the party in an individual or representative capacity." The Court finds that Hamer's role as the manager of Defendants' development laboratory is not a sufficiently senior role such that Hamer's statements can be considered Defendants' statements. *See King v. Auto, Truck, Indus. Parts & Supply Inc.*, 21 F. Supp. 2d 1370, 1381 n.9 (N.D. Fla. 1998) (admitting statements made by the president of a company under FRE 801(d)(2)(A) and statements of the company's store manager under FRE 801(d)(2)(D)).

statement by an unavailable declarant was "likely" admissible under Rule 804(b)(3) because the statement "exposes him to perjury charges"). Moreover, because his testimony was given under oath, it "is supported by corroborating circumstances that clearly indicate its trustworthiness." *See* Fed. R. Evid. 804(b)(3)(B). Accordingly, Defendants' hearsay objection to this portion of Dr. Ohlin's testimony is overruled on this additional basis.

## D. Federal Rule of Evidence 807

As an additional alternative grounds for admission, the Court finds that each witness's *Moldex* deposition testimony falls within Rule 807's residual hearsay exception. Rule 807 provides that a hearsay statement is not excluded by the rule against hearsay even if not otherwise covered by a hearsay exception if (1) the statement has equivalent circumstantial guarantees of trustworthiness, and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.[7] Fed. R. Evid. 807(a). The Eleventh Circuit "ha[s] recognized that Rule 807 should be used in only very rare, exceptional circumstances. And in these circumstances, the hearsay should have exceptional guarantees of trustworthiness and a high degree of probative value and necessity."

---

[7] Rule 807 also requires that notice be given before a statement is introduced "so that the [adverse] party has a fair opportunity to meet it." Fed. R. Evid. 807(b). Plaintiffs' deposition designations satisfy this requirement because they put Defendants on "notice of [the evidence's] existence and the proponent's intention to introduce it." *See United States v. Munoz*, 16 F.3d 1116, 1122 (11th Cir. 1994).

*Bratt v. Genovese*, 782 F. App'x 959, 965 (11th Cir. 2019) (citation omitted). The court "must look at 'the totality of the circumstances surrounding the making of the statement and those rendering the declarant particularly worthy of belief.' In so doing, the mere fact that the declarant made the statement under oath is not enough to guarantee trustworthiness." *Id.* (citations omitted).

The Court finds that each of Rule 807's requirements are met. Rule 807(a)(1)'s requirements are met because the testimony is sworn testimony that was subjected to adversarial scrutiny. Moreover, the witnesses were not adverse to Defendants—indeed, Hamer and Dr. Ohlin were represented by 3M at their depositions—and, given the facts at issue in the *Moldex* litigation, were motivated to accurately testify as to the facts regarding the CAEv2's development and Defendants' interactions with the military regarding the CAEv2. *See United States v. Moore*, 824 F.3d 620, 623 (7th Cir. 2016) (finding district court erred by not admitting evidence under Rule 807 where the declarant "had no obvious reason to lie" at the time he made the statement at issue). Rule 807(a)(2)'s requirement is met because the *Moldex* deposition testimony is "more probative" on the CAEv2's development than any other evidence that Plaintiffs can obtain through reasonable efforts because (1) Dr. Ohlin's *Moldex* testimony is the only sworn testimony he gave on the CAEv2 before his death, and (2) Hamer's and Pawlowski's *Moldex*

testimony was based on a fresher recollection of the events in question and is unvarnished by potential bias in favor of Defendants' positions in this litigation.

Accordingly, Defendants' hearsay objections to Hamer's, Dr. Ohlin's, and Pawlowski's *Moldex* deposition testimony are **OVERRULED**.

**SO ORDERED**, on this 26th day of March 2021.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**